UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW MEXICO

In re:
INDIAN CAPITOL DISTRIBUTING, INC.
    Debtor.                             No. 11-09-11558 SA

CRAIG H. DILL, Chapter 11 Trustee,
    Plaintiff,
v.                                         Adv. No. 09-1119 S

MICHAEL P. MATAYA,
    Defendant.

## MEMORANDUM OPINION AFTER TRIAL ON THE MERITS

This matter came before the Court for trial on the merits of Craig H. Dill's ("Trustee" or "Plaintiff") Complaint for Avoidance of Postpetition Transfer under 11 U.S.C. § 549. For the reasons set forth below, the Court will issue a Judgment in favor of Plaintiff.[1]

## DISCUSSION

Under § 549, a trustee may avoid a transfer of estate property that occurs after the commencement of the case without court approval. Hill v. Kinzler (In re Foster), 275 F.3d 924, 926 (10th Cir. 2001). To recover under that section, the trustee must prove: "(1) a transfer, (2) of property of the estate, (3)

---

[1] This Court has subject matter jurisdiction and personal jurisdiction under 28 U.S.C. §§ 157 and 1334. This is a core proceeding. 28 U.S.C. § 157(b)(2)(A). See also Pollner v. Connecticut Bank and Trust Co., N.A. (In re Harbor Park Assoc. Ltd. Partnership), 112 B.R. 555, 559 (S.D.N.Y. 1990)(A post-petition claim against a non-creditor that affects administration of the estate is a core proceeding.) This Memorandum Opinion constitutes the Court's findings of fact and conclusions of law as required by Federal Rule of Bankruptcy Procedure 7052.

made after commencement of the case, and (4) that is not authorized under the Bankruptcy Code or by the bankruptcy court." Devan v. Phoenix American Life Ins. Co. (In re Merry-Go-Round Enter., Inc.), 400 F.3d 219, 224 (4th Cir. 2005). The statute provides:

> **§ 549. Postpetition transactions.**
>
> (a) Except as provided in subsection (b) or (c) of this section, the trustee may avoid a transfer of property of the estate--
> (1) that occurs after the commencement of the case; and
> (2)(A)   that is authorized only under section 303(f) or 542(c) of this title; or
> (B)      that is not authorized under this title or by the court.

11 U.S.C. 549(a). Bankruptcy Rule 6001 discusses the burdens of proof of authorization when a postpetition transfer is challenged:

> **Rule 6001. Burden of Proof as to Validity of Postpetition Transfer.**
>
> Any entity asserting the validity of a transfer under § 549 of the Code shall have the burden of proof.

See also Merry-Go-Round, 400 F.3d at 226 (Defendant had not met its burden of proving that post-petition interest payments qualified as "ordinary course of business" transactions that would have been authorized under 11 U.S.C. § 1107.)(citing Fed.R.Bankr.P. 6001.)

**FACTS**

1.   Indian Capitol Distributing, Inc. ("Debtor") filed a

voluntary Chapter 11 proceeding on April 14, 2009. (Doc 1, main case).

2.  Exhibit 42 consists of a copy of a check # 2272 that Defendant on direct adverse examination admitted contained his signature, and was drawn on account xx-19212 which was his personal checking account.

3.  Defendant also testified that account number xx-11208 was the Debtor's general checking account.

4.  Exhibit 40 shows three transfers made after April 14, 2009, from account xx-11208 into account xx-19212. The transfers total $29,017.48.

5.  Defendant was unaware of any attempt to obtain court approval for these transfers.

6.  Defendant made no attempt to show any authorization for the transfers.

7.  Defendant rested his case immediately after Plaintiff rested.

8.  The property transferred was property of the estate because it consisted of funds in Debtor's checking account.

9.  Exhibit 5 is a cash collateral order filed in Debtor's case on April 16, 2009. It does not authorize payments to Defendant. See main case, doc 10.

10. Exhibit 6 is a cash collateral order filed in Debtor's case on May 18, 2009. Paragraph D of that order prohibits payments to

Defendant.

11. On May 22, 2009 the Court conducted a status conference at which it orally denied any further use of cash collateral. See Exhibit 7 (Minutes of May 22, 2009 status conference.)

12. On May 28, 2009 the Court orally denied further use of cash collateral. See Exhibit 8 (Minutes of May 28, 2009 hearing.)

13. Exhibit 9 is an Order Prohibiting Use of Cash Collateral filed in Debtor's case on May 29, 2009.

14. The docket contains no other orders authorizing payment or transfers to Defendant.

**CONCLUSIONS OF LAW**

Defendant received three transfers from the Debtor after the filing of the case. The property transferred was property of the estate. The transfers were not authorized by the Bankruptcy Code or by Court order. Defendant did not meet his burden of proof to demonstrate that the transfers were authorized. The Trustee is entitled to a return of $29,017.48 consisting of unauthorized postpetition transfers. The Court will enter a judgment[2] under

---

[2] Defendant filed a personal bankruptcy under Chapter 7, Case 7-10-13628-SA, after the trial of this matter. The automatic stay was partially modified in that case by a stipulated order entered on September 16, 2010 that allowed liquidation of this claim but no collection activities without further Court order.

-4-

sections 549, 550, and 551 against Defendant avoiding the transfers and preserving them for the estate.

                                              Honorable James S. Starzynski
                                              United States Bankruptcy Judge

Date Entered on Docket: September 29, 2011

Copies to:

James A Askew
Arland & Associates, LLC
201 3rd ST NW, STE 505
Albuquerque, NM 87102-3331

William F. Davis
6709 Academy NE, Suite A
Albuquerque, NM 87109